IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


UNITED STATES OF AMERICA,


     v.                             CRIMINAL NO.   1:23-CR-18
                                        (KLEEH)

DAVID E. HESS, MD,

     Defendant.


## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S OMNIBUS PRETRIAL MOTION [ECF NO. 26]

On September 5, 2023, Defendant Davis E. Hess, MD ("Hess"), filed *Defendant David E. Hess, MD's Omnibus Pretrial Motion and Incorporated Memorandum of Law* [ECF No. 26]. The Government filed its response in opposition on September 27, 2023. ECF No. 32. The Court heard arguments on the omnibus pretrial motion on Tuesday, October 31, 2023. The omnibus pretrial motion is thus fully briefed and ripe for review.

For the reasons discussed herein, Defendant's (1) Motion to Dismiss – Fifth Amendment – Vagueness; (2)Motion to Dismiss – Tenth and Fourteenth Amendments – Federalism and State Police Powers; (3) Motion to Suppress – Fourth Amendment – Search and Seizure; (4) Motion to Sever; (5) Motion for Bill of Particulars; and (8) Motion to Depose Witness are **DENIED**; Defendant's (6) Motion *in Limine* to Exclude Rule 404(b) and Hearsay Acts and Statements; and(7) Motion for Additional Discovery are **HELD IN ABEYANCE**; and

Defendant's (9) Motion for Leave to File Additional Pretrial Motions is **DENIED AS MOOT** [ECF No. 26].

## I.   <u>BACKGROUND</u>

Dr. David E. Hess ("Hess" or "Defendant") is charged in a twenty-six count indictment with issuing a series of prescriptions for controlled substances—including Adderall, Xanax, and Oxycontin—without a legitimate medical purpose or beyond the bounds of his professional practice. ECF Nos. 1, 34.

The alleged conduct took place at Hess's medical clinic in Bridgeport, West Virginia. In late 2018, the Drug Enforcement Administration ("DEA") began investigating Hess for an assortment of suspected misconduct, including the improper issuance of Adderall prescriptions for weight loss, pre-signing prescriptions, prescribing dangerous combinations and amounts of opioids and other drugs, and prescribing Schedule II drugs without seeing patients. The DEA's investigation culminated in the execution of a search warrant at Defendant's medical clinic, seizing numerous patient and administrative files. That same day, DEA agents seized Hess's iPhone 6s pursuant to another search warrant.

Counts 1 through 17 of the Indictment charge Hess with unlawfully prescribing Adderall—a Schedule II amphetamine used to treat attention deficit hyperactivity disorder ("ADHD") or attention deficient disorder ("ADD")—to three patients for weight loss. Counts 18 through 20 charge the defendant with unlawfully

prescribing Xanax, a schedule IV anxiety drug, to a patient who had been previously hospitalized for intentionally overdosing on the same drug. Counts 21 through 25 charge Hess with concurrently prescribing a dangerous combination of a Schedule II opioid (Oxycontin), a Schedule IV benzodiazepine (Lorazepam), and a Schedule IV sedative (Zolpidem). In Count 26, Hess is charged with destroying records to influence the DEA investigation by initiating a remote wipe on the iPhone seized by the DEA.

The original Indictment [ECF No. 1] was returned against Hess on or about April 4, 2023. A Superseding Indictment was then returned on or about October 18, 2023 [ECF No. 34], changing only the statutory violation in Count Twenty-Six.

## II.  <u>APPLICABLE LAW AND DISCUSSION</u>

### 1. Defendant's Motion to Dismiss – Fifth Amendment – Vagueness is DENIED.

Hess moves the Court to dismiss the Indictment under Fed. R. Crim. P. 12, arguing that the Controlled Substances Act, specifically 21 U.S.C. § 841(a)(1), and its regulation 21 C.F.R. § 1306.04(a) are constitutionally vague. The Controlled Substances Act ("the Act") "prevent[s] diversion of controlled substances with medical uses" by "regulat[ing] the activity of physicians." <u>Gonzales v. Oregon</u>, 546 U.S. 243, 250 (2006). 21 C.F.R. § 1306.04 (a) provides:

> A prescription for a controlled substance to be effective must be issued for a legitimate

3

> medical purpose by an individual practitioner
> acting in the usual course of his professional
> practice. . . . An order purporting to be a
> prescription issued not in the usual course of
> professional treatment or in legitimate and
> authorized research is not a prescription
> within the meaning and intent of . . .21 U.S.C.
> § 829. . .and the person knowingly filling
> such a purported prescription, as well as the
> person issuing it, shall be subject to the
> penalties provided for violations of the
> provisions of law relating to controlled
> substances.

As such, "it is well established that 'registered physicians can be prosecuted under [§] 841 when their activities fall outside the usual course of professional practice.'" United States v. Clarkson, No. 5:18-CR-00026, 2020 WL 564039, at *2 (S.D.W. Va. Feb. 4, 2020) (quoting United States v. Moore, 423 U.S. 122, 124 (1975)).

"Due process requires that a criminal statute provide adequate notice to a person of ordinary intelligence that his contemplated conduct is illegal, for no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." Clarkson, 2020 WL 564039, at *1 (quoting Buckley v. Valeo, 424 U.S. 1, 77 (1976)). Accordingly, a criminal statute "must give a person of ordinary intelligence adequate notice of what conduct is prohibited and must include sufficient standards to prevent arbitrary and discriminatory enforcement." Manning v. Caldwell, 930 F.3d 264, 272 (4th Cir. 2019).

A statute is not constitutionally vague, merely because it contains undefined terms. See United States v. Day, 700 F.3d 713, 725 (4th Cir. 2012). "A statute need not contain a definition of every term within its text, and, in the absence of a statutory definition, courts will give terms their ordinary meaning." United States v. McFadden, 753 F.3d 432, 440 (4th Cir. 2014), vacated on other grounds by McFadden v. United States, 135 S. Ct. 2298 (2015). Moreover, vagueness challenges are considered on an as-applied basis. United States v. Jaensch, 665 F.3d 83, 89 (4th Cir. 2011) ("We consider whether a statute is vague as applied to the particular facts at issue, for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

Here, Hess contends that the subject statute and regulation are vague as applied to licensed physicians because the terms "except as authorized," "effective prescription," "legitimate medical purpose," "usual course," and "professional practice" are not defined. ECF No. 26. However, "the courts that have addressed the issue presented here have universally found that § 841(a)(1) is not unconstitutionally vague as applied to medical professionals." Clarkson, 2020 WL 564039, at *3 (collecting cases from Eighth, Tenth, Sixth, Ninth, and Fourth Circuits). See e.g., United States v. Orta-Rosario, 469 F. App'x 140, 143 (4th Cir. 2012) (rejecting argument that the Act is void for vagueness as

applied to medical professionals, where "statute, regulation, and case law" demonstrated that defendants had adequate notice their conduct was unlawful). The Act, its implementing regulations, and the relevant case law provide clear notice to persons of ordinary intelligence, specifically licensed physicians, that the conduct alleged in the Indictment and Superseding Indictment is unlawful. Explicit definitions are not necessary. Thus, for the reasons stated herein and those raised by the Government [ECF No. 32] Defendant's motion to dismiss the Indictment for vagueness is **DENIED.**

> **2. Defendant's Motion to Dismiss — Tenth and Fourteenth Amendments — Federalism and State Police Powers is DENIED.**

Defendant moves the Court to dismiss the Indictment, arguing that the Controlled Substances Act and § 841(a)(1) violate the Tenth Amendment and infringe upon West Virginia's police powers. As recognized by Hess during oral argument, this argument is not supported by case law and has not been adopted by any court.

The federal courts of appeal have widely recognized that the federal government has the power to regulate physicians. See e.g., United States v. Collier, 478 F.2d 268, 272-273 (5th Cir. 1973) (holding that Congress has the power under the Commerce Clause to regulate physicians for their role in the distribution of controlled substances); United States v. Rosenberg, 515 F.2d 190, 198 (9th Cir.), cert. denied, 423 U.S. 1031 (1975)(finding it

"singularly unpersuasive" that the CSA violates the Tenth Amendment). Because Congress has determined that the distribution and use of controlled substances has an impact on interstate commerce, the federal government has the constitutional authority to investigate and prosecute illegal distribution and prescription of controlled substances by a physician. See Collier, 478 F.2d at 272-273. See also United States v. Yates, 746 F. App'x 162, 164 (4th Cir. 2018) (per curiam) (holding the Tenth Amendment "does not prohibit the federal government from restricting marijuana use" under 21 U.S.C. § 841); Brooks v. United States, No. WDQ-09-0288, 2013 WL 1497458, at *1 (D. Md. Apr. 9, 2013) (holding convictions under 21 U.S.C. §§ 841 and 846 constitutional despite defendant's Ninth and Tenth Amendment challenges because "21 U.S.C. §§ 841 and 846 are valid exercises of Congress's enumerated powers").

The Fourth Circuit has held that, even though Congress has given physicians the power to distribute controlled substances, physicians must do so in a responsible and professional manner. United States v. Singh, 54 F.3d 1182, 1189 (4th Cir. 1995). Thus, whenever physicians illegally dispense controlled substances and do not prescribe medications for a legitimate medical purpose, they may be criminally prosecuted under the CSA. United States v. Moore, 423 U.S. 122, 142-143 (1975)(recognizing that, under the CSA, a physician is not within her "professional practice" when

she gives inadequate physical exams, withholds tests, ignores drug misuse, prescribes freely, or becomes a "large-scale [drug] 'pusher' "); see United States v. Tran Trong Cuong, 18 F.3d 1132, 1137 (4th Cir. 1994)(holding that a physician violated 18 U.S.C. § 841(a)(1) when he distributed controlled substances without legitimately treating his patients). "At bottom, because the federal government has the authority to investigate and prosecute physicians who prescribe controlled substances in violation of the CSA, . . . challenge[s] to the federal government's authority to criminalize a physician's over-prescription of controlled substances is wholly without merit." In re Hoover's Residence, Lost Creek, Harrison Cnty., W. Va., No. 1:10MJ9, 2011 WL 3664100, at *4 (N.D.W. Va. Aug. 19, 2011).

Controlling precedent makes clear that the federal government is authorized under the Commerce Clause to regulate the distribution and prescription of controlled substances by a physician. Thus, Hess's argument is unavailing and the Controlled Substances Act and § 841(a)(1) do not violate the Tenth or Fourteenth Amendment. For the reasons stated herein and those raised by the Government [ECF No. 32], Defendant's motion to dismiss the Indictment is **DENIED.**

### 3. Defendant's Motion to Suppress – Fourth Amendment – Search and Seizure is DENIED.

Hess moves the Court to suppress all of the evidence seized by the Government on October 18, 2019, pursuant to five search

warrants issued by Magistrate Judge Aloi. Hess further requests a
Franks hearing. Defendant argues that the evidence should be
excluded because the warrants were not supported by probable cause,
and that the good faith exception should not apply. Specifically,
Hess claims that the search warrants did not particularly describe
the evidence to be seized upon execution of the warrants and that
the warrants lacked sufficient evidence to support a fair
probability that evidence of a crime would be found at Hess's
medical office. ECF No. 26. In contrast, the Government asserts
that the warrants were supported by substantial evidence and were
nonetheless executed in good faith. ECF No. 32.

**A. The October 18, 2019, search was proper because the various warrants were supported by probable cause.**

The Fourth Amendment to the United States Constitution
provides,

> The right of the people to be secure in their
> persons, houses, papers, and effects, against
> unreasonable searches and seizures, shall not
> be violated, and no Warrants shall issue, but
> upon probable cause, supported by Oath or
> affirmation, and particularly describing the
> place to be searched, and the persons or
> things to be seized.

U.S. Const. amend. IV. Probable cause to search a location exists
if there is a fair probability that evidence of a crime is located
within the premise residence. See Illinois v. Gates, 462 U.S. 213,
238 (1983). "[A]fter receiving an affidavit or other information,
a magistrate judge ... must issue [a] warrant if there is probable

cause to search for and seize a person or property....″ Such an affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause." Id. at 239. Probable cause "does not require officers to rule out a suspect's innocent explanation for suspicious facts." United States v. Bosyk, 933 F.3d 319, 327 (4th Cir. 2019) (citation omitted). Furthermore, "[m]agistrate judges may consider both written and oral testimony when 'making probable cause determinations during warrant proceedings[.]'. . . It is well-established that a police officer may swear to a warrant affidavit based on hearsay or on information from an informant." United States v. Parrish, No. 1:19-CR-30, 2019 WL 5166212, at *5-6 (N.D.W. Va. Oct. 15, 2019), aff'd, 843 F. App'x 518 (4th Cir. 2021).

When the sufficiency of a search warrant and its supporting affidavit is challenged, the Court reviews the issuance of the warrant de novo. United States v. Zenone, 153 F.3d 725, at *8 (4th Cir. Aug. 10, 1998) (table) (citations omitted). "In deciding whether a search warrant is supported by probable cause, the first question is 'whether the items to be seized are evidence of criminal activity, ... and second, ... "whether it is reasonable to believe that the items to be seized will be found in the place to be searched."'" Parrish, 2019 WL 5166212, at *4-5 (citing United States v. Wienke, 733 F. App'x 65, 69 (4th Cir. 2018) (unpublished) (per curiam)). In this review, "great deference is ... given to a

magistrate's assessment of facts when making a determination of probable cause." Id. at *4. "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996) (citing United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990)).

"Courts are not to invalidate warrants based on a 'hypertechnical, rather than. . .commonsense,' interpretation of an affidavit. Gates, 462 U.S. at 236. The Court must determine whether a 'substantial basis' exists for the magistrate's decision." Parrish, 2019 WL 5166212, at *4 (internal citations omitted). The Court thus must apply a "'totality-of-the-circumstances' test to determine whether probable cause supported a search warrant." Id. (citing Gates, 462 U.S. at 238).

Here, the subject search warrants were supported by sufficient evidence to find probable cause. The search warrants attached to the Government's briefing [ECF No. 32, Ex. A – D], explain in great detail the place to be searched and the items to be seized. Furthermore, DEA Task Force Officer Gary W. Spitznogle provided extensive affidavits supporting each warrant including facts and information based upon his personal knowledge of the investigation and other officers' observations. See e.g., ECF No. 32-1. The affidavits include information obtained from an approximate year-long investigation including witness interviews,

review of West Virginia Board of Medicine prescription monitoring data, surveillance, text messages, and cellular phone data among other evidence. And, as the investigation continued, new search warrants were obtained for the newly sought evidence.

In short, each affidavit provided specific and compelling evidence to support that Hess issued various prescriptions for illegitimate purposes and outside the usual course of medical practice between 2014 and 2019. As pointed out in the Government's opposition briefing [ECF No 32], Hess attacks isolated portions of the affidavits, focusing on information which was not included within the affidavits. However, the Court must apply a "totality-of-the-circumstances" test when evaluating probable cause and cannot use a piecemeal approach. Parrish, 2019 WL 5166212, at *4. Additionally, the purported omissions to the affidavits, including evidence regarding credibility of the informant and a sexual relationship with a patient, are not material under the totality of the circumstances. Thus, the affidavits properly established a substantial basis to support probable cause for the subject warrants and Hess's motion to suppress is **DENIED**.

## B. Even if the warrants lacked probable cause, the October 18, 2019 search was executed in good faith.

Assuming for the sake of argument that the warrants in this case were defective, the Court would still deny the motion to suppress based on the good faith exception set forth in United States v. Leon, 468 U.S. 897 (1984). Under Leon, "a court should

not suppress the fruits of a search conducted under the authority of a warrant, even a 'subsequently invalidated' warrant, unless 'a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002) (quoting Leon, 468 U.S. at 922 n.23). "Typically, 'a warrant issued by a magistrate ... suffices to establish that a law enforcement officer has acted in good faith in conducting the search' and thus searches executed 'pursuant to a warrant will rarely require any deep inquiry into reasonableness.'" United States v. Andrews, 577 F. 3d 231, 236 (4th Cir. 2009) (quoting Leon, 468 U.S. at 922)).

The Supreme Court of the United States has found that the good faith exception does not apply in the following circumstances:

> (1) 'the magistrate . . . was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth;
>
> (2) the magistrate acted as a rubber stamp for the officers and so wholly abandoned his detached and neutral judicial role;
>
> (3) an affidavit [is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or
>
> (4) a warrant [is] so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid.'"

Bynum, 293 F.3d at 195 (quoting Leon, 468 U.S. at 923). With respect to the third Leon exception, the Fourth Circuit has found that when an affidavit is "bare bones," it is not salvageable under Leon. See Wilhelm, 80 F.3d at 121. A "bare bones" affidavit is one that contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." Id.

Even if the warrants were not supported by probable cause, they would be salvaged by the Leon good faith exception. Law enforcement acted in objectively reasonable reliance on the search warrants. Further, no exception to the Leon good faith exception applies. The information contained in the affidavits is not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. They are not "bare bones" affidavits. The affidavits contain substantial facts to support that Hess (1) intentionally issued prescriptions for Adderall to patients for weight loss, in contravention of Board of Medicine regulations; (2) allowed unauthorized individuals to administer injections of Demerol when he was not in his medical office; (3) pre-signed prescriptions for schedule II opioids;(4) prescribed a dangerous combination of opiates, benzodiazepines, and muscle relaxants to multiple patients; and (5) improperly prescribed dozens of controlled substance prescriptions when he was out of

the office and could not see the associated patients, as required for Schedule II prescriptions. Thus, it would be reasonable for an officer to believe that, together, these facts created probable cause to search Hess's medical practice and seize the items and information in the warrants. Accordingly, Defendant's motion to suppress would still be denied, even if the warrants were defective.

**C. Defendant's request for a <u>Franks</u> hearing is denied.**

There is a strong "presumption of validity with respect to [an] affidavit supporting [a] search warrant." <u>Franks v. Delaware</u>, 438 U.S. 154, 171 (1983). Nevertheless, the Supreme Court "carved out a narrow exception to this rule." <u>United States v. Allen</u>, 631 F.3d 164, 171 (4th Cir. 2011). Specifically, the Court held that where a defendant can support "allegations of deliberate falsehood or of reckless disregard for the truth" with an offer of proof, <u>Franks</u>, 631 F.3d at 171, he or she is "entitled to an evidentiary hearing on the veracity of statements in the affidavit," <u>Allen</u>, 631 F.3d at 171.

"Defendants may bring <u>Franks</u> challenges both when an affidavit contains a false statement and when the affiant has omitted material facts from the affidavit." <u>United States v. Wharton</u>, 840 F.3d 163, 167 (4th Cir. 2016). As "allegations of 'negligence or innocent mistake are insufficient, .... [t]he burden of making the necessary showing is thus a heavy one to bear.'" <u>United States v.</u>

Tate, 524 F.3d 449, 454 (4th Cir. 2008). "Understandably, the defendant's burden in showing intent is greater in the case of an omission because '[a]n affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation.'" United States v. Lull, 824 F.3d 109, 115 (4th Cir. 2016). "Even if a defendant can demonstrate the requisite intentionality or recklessness in the omission of certain information, he must still demonstrate that probable cause would be defeated by its inclusion." United States v. Houdersheldt, No. CR 3:19-00239, 2020 WL 1169757, at *2-4 (S.D.W. Va. Mar. 10, 2020).

If a Court concludes that "a Franks hearing is appropriate and an affiant's material perjury or recklessness is established by a preponderance of the evidence, the warrant 'must be voided' and evidence or testimony gathered pursuant to it must be excluded." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (quoting Franks, 438 U.S. at 156).

Here, Hess fails to meet the heavy burden to obtain a Franks hearing. While Hess claims certain information was omitted from the affidavits, including evidence regarding credibility of the informant and a sexual relationship with a patient, the evidence does not support that any such omission was done intentionally or with a reckless disregard for the truth. Regardless, he further fails to demonstrate that the inclusion of the purportedly omitted evidence would have defeated probable cause for any of the

16

affidavits. <u>See</u> <u>Houdersheldt</u>, 2020 WL 1169757, at *2–4. The affidavits at issue are substantial and lengthy; the Government is not required to include every piece of evidence within the affidavits. For these reasons, Hess's request for a <u>Franks</u> hearing is **DENIED.**

### 4. Defendant's Motion to Sever is DENIED.

Hess moves this Court to sever (1) the five patient groupings of unlawful distribution offenses charged under 21 U.S.C. § 841(a)(1) (Counts One through Four, Counts Five and Six, Counts Seven through Seventeen, Counts Eighteen through Twenty, and Counts Twenty-One through Twenty-Five) from each other; (2) the offense of obstruction of justice (Count Twenty-Six) from the other five groupings of offenses charged in Counts One through Twenty-Five; and (3) the Forfeiture Allegation from all other counts in the Indictment. ECF No. 26.

Rule 8(a) of the Federal Rules of Criminal Procedure allows for separate counts with multiple offenses to be joined when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(b). Federal Rule of Criminal Procedure 14(a) further provides that "[i]f the joinder of offenses . . . for trial appears to prejudice a defendant . . . the court may order separate trials of counts." Fed. R. Crim. P. 14(a). "Because of the prospect of duplicating

17

witness testimony, impaneling additional jurors or wasting limited judicial resources, joinder is the rule rather than the exception." United States v. Whyte, 460 F. App'x 236, 238 (4th Cir. 2012) (unpublished opinion).

"The party seeking severance bears the burden of demonstrating prejudice." United States v. Corbin, No. 3:20CR24-10, 2021 WL 3784205, at *2 (N.D.W. Va. July 16, 2021), report and recommendation adopted, No. 3:20-CR-24-10, 2021 WL 3780813 (N.D.W. Va. Aug. 25, 2021) (citing United States v. Branch, 537 F.3d 328, 341 (4th Cir. 2008)). "The defendant moving for severance 'must establish that actual prejudice would result from a joint trial . . . and not merely that 'a separate trial would offer a better chance of acquittal.'" Corbin, 2021 WL 3784205, at *2 (quoting United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995)). "Rather than the more radical remedy of severance, requiring multiple trials of the same offense or offenses, the courts have long favored limiting instructions to the jury." United States v. Heiligh, No. 1:09CR123, 2010 WL 2024643, at *3 (N.D.W. Va. Jan. 15, 2010), report and recommendation adopted sub nom. United States v. Outlaw, No. 1:09CR123, 2010 WL 2024644 (N.D.W. Va. May 17, 2010).

In support of his request for severance, Hess argues that the conduct within the 26-count Indictment and Superseding Indictment [ECF Nos. 1, 34] falls into three dissimilar groups of alleged

offenses: (1) unlawful distribution of controlled substances, (2) obstruction of justice by a remote wiping of a cell phone, and (3) the forfeiture of property. ECF No. 26. Thus, Defendant argues that Rule 8(a)'s standard for joinder of offenses is not met and that a combined trial on the twenty-six counts would create a substantial threat of prejudice. Id. See Fed. R. Evid. 404(b). Specifically, Hess argues that the Government should not be permitted to introduce evidence relating to the other patients identified in the Indictment's counts because they involve "dissimilar clinical presentations, diagnoses, and prescriptions." Id.

In response, the Government argues that the Indictment should not be severed because the counts were properly joined, and Hess has not shown evidence of clear prejudice. ECF No. 32. First, the Government contends that the first twenty-five offenses charged in the Indictment involve the same statutory charge and occurred within a fifteen-month period at Hess's medical practice in Bridgeport, West Virginia. Id. Furthermore, the Government states that the charge in Count Twenty-Six is properly joined because the alleged attempted destruction of evidence is relevant to the underlying conduct in the distribution charges. Id. Thus, the Government contends that the charges are properly joined because they "are of the same or similar character." Fed. R. Crim. P. 8(b).

The Government also argues Hess has not met his burden to show prejudice under Fed. R. Crim. P. 14(a) and that there is no precedent for severing 21 U.S.C. § 841 charges relating to contemporaneous unlawful prescriptions to different patients. ECF No. 32. Furthermore, the Government contends that evidence relating to the various patients and prescriptions are admissible and would nonetheless fall outside the scope of Rule 404(b). Id.

Here, the Court agrees with the Government's arguments and finds that the charges against Hess are properly joined pursuant to Fed. R. Crim. P. 8(a). All the charges within the Indictment and Superseding Indictment [ECF Nos. 1, 34] relate to alleged conduct which occurred within a specified time limit at Hess's medical practice. Furthermore, each distribution charge alleges the same statutory violation of 21 U.S.C. § 841. Additionally, the 21 U.S.C. § 1519 violation charged in Count Twenty-Six stems from an alleged scheme to destroy evidence of the distribution charges. Thus, the Court **FINDS** that all twenty-six counts are of the same or similar character and thus are properly joined.

The Court is further not persuaded by Hess's Fed. R. Crim. P. 14(a) and Fed. R. Evid. 404(b) arguments to justify severance. Hess has failed to show evidence of actual prejudice, but rather purports a preference for separate trials to limit the introduction of evidence for the different patients. Hess has not particularized how one trial would prejudice him to warrant the prospect of

20

duplicating witness testimony, impaneling additional jurors, or wasting limited judicial resources.

And under 404(b), the potential prejudice to Hess by having evidence of each charge be presented to the jury does not outweigh the probative value. Any concerns regarding the admissibility and relevance of the evidence for each particular charge could be properly addressed through limiting instructions to the jury. See Heiligh, 2010 WL 2024643, at *3. And, as discussed during the Court's motions hearing, severing the distribution charges from the obstruction charge would not necessarily prevent the evidence of the attempted phone swiping from being admitted. For example, such evidence would be relevant under Fed. R. Evid. 401 for the distribution charges as consciousness of guilt evidence.

For the reasons stated herein and those raised by the Government [ECF No. 32], Defendant's motion to sever is **DENIED**.

### 5. Defendant's Motion for Bill of Particulars is DENIED.

Hess moves the Court to direct the Government to provide a bill of particulars, arguing that the "indictment is silent as to any meaningful notice." ECF No. 26. Pursuant to Federal Rule of Criminal Procedure 7(f), it is within the Court's discretion to "direct the government to file a bill of particulars" at the defendant's request. A bill of particulars is "[a] formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor, usually filed in response to the defendant's request

for a more specific complaint." BILL OF PARTICULARS, Blacks Law Dictionary (11th ed. 2019).

"A bill of particulars is appropriate when an indictment fails to provide adequate information to allow a defendant to understand the charges and to avoid unfair surprise." United States v. Leahy, 598 F. App'x 210, 212 (4th Cir. 2015) (citing United States v. Am. Waste Fibers Co., 809 F.2d 1044, 1047 (4th Cir. 1987). "Ordinarily, the function of a bill of particulars is not to provide detailed disclosure of the government's evidence in advance of trial but to supply any essential detail which may have been omitted from the indictment." United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974) (quotation omitted). See also United States v. Idleman, No. 2:17-CR-15-2, 2018 WL 3641025, at *2 (N.D.W. Va. Aug. 1, 2018), aff'd, 853 F. App'x 819 (4th Cir. 2021) (quoting United States v. Automated Medic. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985) ("Rule 7(f) 'is not to be used to provide detailed discourse of the [G]overnment's evidence in advance of trial.'")).

In contrast, a bill of particulars is not necessary when the indictment "track[s] the statutory language and cite[s] the charging statutes." Leahy, 598 Fed. App'x. at 212. Rather, "the purpose of a bill of particulars is 'fully satisfied' when the Government turns over its entire file to the defendant." United

22

States v. Adams, 335 F. App'x 338, 344 (4th Cir. 2009) (quoting

United States v. Schembari, 484 F.2d 931, 935 (4th Cir. 1973)).

In asserting that the Indictment is silent as to the "specific acts" charged, Defendant outlines eleven categories of information he believes are necessary to provide meaningful notice including: the acts and or factual basis underlying each charge; records and reports maintained by Hess as a DEA registrant; and the identity of the Government's trial witnesses, among other information. ECF No. 26. The Government argues that a bill of particulars is not necessary, and that Hess failed to demonstrate an actual need because the Indictment tracks and cites the applicable charging statutes and the Government provided substantial discovery. ECF No. 32.

The Court agrees with the Government that a bill of particulars is not proper in this instance. The Superseding Indictment provides the allegedly violated statutes as well as the factual bases for the charges, including the types of controlled substances dispensed and the date, prescription number, dosage, and quantity of each of the alleged unlawful distributions in Counts One to Twenty-Five. Similarly, Count Twenty-Six provides adequate information to make Hess aware of the obstruction charge. The Indictment states the alleged unlawful conduct—i.e., the attempted remote wiping of Hess's seized iPhone 6. ECF Nos. 1, 34. Accordingly, because the Indictment properly tracks the statutory

language and cites the charging statutes, a bill of particulars is not necessary.

Rather, Hess's extensive list of requested information appears to be an attempt to receive a "detailed disclosure of the government's evidence in advance of trial." See Anderson, 481 F.2d at 690. The Fourth Circuit's case law makes clear that is not the purpose of a bill of particulars. Furthermore, the Government has provided substantial discovery to Hess, in a searchable and organized format. ECF No. 32. Thus, Hess already has the means to locate the requested information.

For the reasons stated herein, as well as the reasons articulated in the Government's briefing, Defendant's motion for bill of particulars is **DENIED**.

### 6. Defendant's Motion *in Limine* to Exclude Rule 404(b) and Hearsay Acts and Statements is HELD IN ABEYANCE.

Hess moves the Court "to require the Government to identify each act and statement attributed to him that it intends to introduce at trial," and subsequently exclude such evidence at trial pursuant to Federal Rules of Evidence 104, 105, 402, 403, and 404(b). ECF No. 26. However, Defendant's motion to exclude 404(b) and other evidence is premature, as the Government's deadline for disclosing such evidence is not until January 15, 2024.[1] ECF No. 46. Accordingly, the Court cannot yet make any

_____

[1] Following the Court's hearing on the subject motions, the Court granted Defendant's motion to continue trial and establish new deadlines [ECF No. 41].

determinations regarding excluding such evidence, and Defendant's motion is **HELD IN ABEYANCE.**

### 7. Defendant's Motion for Additional Discovery is HELD IN ABEYANCE.

Pursuant to Federal Rule of Criminal Procedure 16 and Local Rule of Criminal Procedure 16.03, Defendant moves the Court to require the Government to provide 21 categories of documents including business and personal documents allegedly seized by the Government; draft and final expert witness reports; early production of witness statements; and grand jury instructions and transcripts, among other things. ECF No. 26.

Federal Rule of Criminal Procedure 16 requires the Government to allow the defendant to inspect, copy, and photograph any evidence in its custody and control. Similarly, Local Rule of Criminal Procedure 16.03 provides that a motion for addition discovery shall contain:

      (a)   a statement that the prescribed [discovery] conference was held;

      (b)   the date of the conference;

      (c)   the name of the Assistant United States Attorney with whom the conference was held;

      (d)   a statement that an agreement could not be reached concerning the discovery or inspection that is the

---

However, prior to the new deadlines, Hess's motion *in limine* was still premature because the Government previously had until November 23, 2023, to produce 404(b) evidence.

<blockquote>
subject of the defendant's motion; and

(e)   the pertinent facts and law bearing upon the issues raised by the motion, as required by LR Cr P 47.01.
</blockquote>

L.R.Crim.P. 16.03. The Government is not obligated to reproduce or to specifically designate material previously produced in discovery. See United States v. King, 628 F.3d 693, 702 (4th Cir. 2011). Nor is it required to disclose evidence not in its custody or control, available from other sources, or already in the defendant's possession. See United States v. Higgs, 663 F.3d 726, 735 (4th Cir. 2011).

During oral arguments, Defendant stated a need for the 21 categories of information to begin reaching out to potential witnesses and to investigate the existence of legitimate medical needs behind the various prescriptions. In its opposition briefing, the Government notes that Defendant's list of requested information does not meet the standard set forth for seeking additional discovery in L.R.Crim.P. 16.03 and that Defendant is not entitled to some of the requested information. ECF No. 32. During oral argument, the Government stated that its deadline to disclose evidence had not yet passed, but that it had nonetheless already provided Defendant with all the requested discovery. Furthermore, the Government did not believe there was any undisclosed evidence remaining.

For the reasons stated herein, as well as the reasons articulated in the Government's briefing, Defendant's motion for additional discovery is **HELD IN ABEYANCE**. If Defendant believes additional discovery is needed in the future, Defendant may file a renewed motion and the Court will consider such motion under the requirements set forth in L.R.Crim.P. 16.03.[2]

### 8. Defendant's Motion to Depose Witness is DENIED.

Defendant moves the Court pursuant to Federal Rule of Criminal Procedure 15 to depose the Government's medical expert witness, Carol Forster, M.D. ECF No 26.

Depositions are rarely permitted in criminal cases. United States v. Nuss, 2:09CR22, 2010 WL 1484715, at *1 (S.D.W. Va. Apr. 12, 2010). Pursuant to Federal Rule of Criminal Procedure 15(a), "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). To satisfy the "exceptional circumstances" requirement, the moving party must demonstrate (1) that the witness probably will not be available to testify at trial and (2) that the witness' testimony is material. Nuss, 2010 WL 1484715, at *1 (citing United States v. Jefferson, 594 F.Supp.2d 655, 665 (E.D.Va. 2009)).

---

[2] In holding Defendant's motion for additional discovery in abeyance, it does not rule on Defendant's legal entitlement to each category of requested information.

Defendant argues that he should be permitted to depose Dr. Forster to establish her opinions and determine the necessity of challenging her credentials pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). This is not a proper basis for deposing a witness in a criminal case, and thus the Motion is **DENIED**. Dr. Forster will testify at trial and Defendant has had her expert report for over a year.

Furthermore, to the extent Defendant wishes to challenge Dr. Forster's credentials and qualifications, Defense counsel will have the opportunity to conduct voir dire questioning before the jury as part of the Court's consideration of the Government's motion to qualify the expert. For the reasons stated herein, as well as the reasons articulated in the Government's briefing, Defendant's motion to depose witness is **DENIED**.

### 9. Defendant's Motion for Leave to File Additional Pretrial Motions is DENIED AS MOOT.

Defendant indicated a potential need to file additional pretrial motions due to the case's complex designation. Based upon the Court's amended scheduling order, the pretrial motions deadline was extended until December 8, 2023. ECF No. 46. Accordingly, Defendant's motion is **DENIED AS MOOT**.

### III. <u>CONCLUSION</u>

For the reasons discussed above, Defendant's (1) Motion to Dismiss – Fifth Amendment – Vagueness; (2) Motion to Dismiss – Tenth and Fourteenth Amendments – Federalism and State Police

Powers; (3) Motion to Suppress – Fourth Amendment – Search and Seizure; (4) Motion to Sever; (5) Motion for Bill of Particulars; and (8) Motion to Depose Witness are **DENIED**; Defendant's (6) Motion *in Limine* to Exclude Rule 404(b) and Hearsay Acts and Statements; and(7) Motion for Additional Discovery are **HELD IN ABEYANCE**; and Defendant's (9) Motion for Leave to File Additional Pretrial Motions is **DENIED AS MOOT**[ECF No. 26].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

**Dated:** January 9, 2024.


THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA